# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE, | Case No. CV 14-4368 PA (MRW) |
|     Petitioner, | |
| vs. | ORDER DISMISSING ACTION |
| R. GROUNDS, Warden, | |
|     Respondent. | |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to the successive habeas petition rule in 28 U.S.C. § 2244.

\* \* \*

This is a state habeas action. Petitioner was convicted of murder and drug charges in 2004. He is currently serving a 51-years-to-life sentence in state prison.

Petitioner previously sought habeas relief from his conviction and sentence in this Court. Fearence v. Cash, Case No. CV 10-7152 PA (MRW) (C.D. Cal. 2010) (the First Action). In the First Action, Petitioner alleged numerous claims, including ineffective assistance of counsel, unlawful search and arrest, actual

innocence, prosecutorial misconduct, and sentencing challenges. However, in a lengthy decision, the Court found the First Action was untimely under AEDPA. In January 2012, the Court dismissed the action with prejudice. (First Action, Docket # 59, 60.) The Ninth Circuit declined to issue a certificate of appealability. Fearance v. Cash, Case No. 12-55445 (9th Cir. 2013). The U.S. Supreme Court subsequently denied a writ of certiorari. Fearance v. Cash, Case No. 12-10542 (U.S. 2013).

Petitioner filed the present habeas action (the Second Petition) in this Court in June 2014. The Second Petition alleges claims of ineffective assistance by Petitioner's trial and appellate lawyers. These claims are essentially indistinguishable from those raised in the First Action. (First Action, Docket # 3-5.) The Second Petition was not accompanied by a certificate from the Ninth Circuit Court of Appeals authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

Magistrate Judge Wilner reviewed the Second Petition shortly after its filing. Judge Wilner directed Petitioner to submit a supplemental statement as to why the action should not be dismissed as a second or successive petition prohibited under AEDPA. (Docket # 4.)

Petitioner submitted a statement in response to Judge Wilner's Order. (Docket # 8.) In his statement, Petitioner broadly argued that the Second Petition relies on newly discovered evidence such as trial transcripts and declarations from family members regarding interactions with the trial lawyer. Petitioner contended that he did not receive these materials until the California Appellate Project became involved in his case in approximately 2007. Petitioner claimed that he did not receive the transcripts until "later on down the line." (Docket # 8 at 2.) However, Petitioner submitted excerpts from the transcripts and cited to them in

briefs in the First Action in 2011.  (First Action, Docket # 43-2 at 11-14; Docket # 44 at 2.)

Notably, Petitioner made no effort to explain why the claims in the Second Petition were not or could not have been included in the First Action in this Court. He also failed to explain why he did not seek permission from the Ninth Circuit to file this new habeas action.

\* \* \*

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party.  28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.  A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action.  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).  A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court.  28 U.S.C. § 2244(b)(3).

The Second Petition challenges Petitioner's 2004 convictions.  Petitioner previously – and unsuccessfully – sought federal habeas relief for those convictions in the First Action filed in 2010.  His broad claim that he did not have access to trial transcripts is unsupported by the record, and belied by the CAP's

involvement in his case in 2007, several years <u>before</u> Petitioner initially sought federal habeas relief.  Moreover, Petitioner obviously had access to the trial transcripts at that time based on his references to and attachments of those materials in his previous submissions to the Court.  Petitioner offers no convincing explanation that he could not have raised the issues asserted in his Second Action in the previous case.

As such, the current petition is successive.  The record demonstrates that Petitioner did not have permission from the Ninth Circuit Court of Appeals to pursue the Second Action.  The petition is subject to summary dismissal.  The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: July 22, 2014

_____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

4